# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 1, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROBERT LAING, | \* | PUBLISHED |
| | \* | |
| Petitioner, | \* | No. 20-1130V |
| | \* | |
| v. | \* | Special Master Nora Beth Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Damages Award; Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | \* | Guillain-Barré Syndrome ("GBS"); Pain and |
| | \* | Suffering; Out-of-Pocket Expenses; Life |
| Respondent. | \* | Care Plan. |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jessi Carin Huff, mctlaw, Seattle, WA, for Petitioner.
Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On September 3, 2020, Robert Laing ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine on October 12, 2017.  Petition at 1, 5 (ECF No. 1).  On July 20, 2021, a ruling finding Petitioner entitled to compensation issued.  Ruling on Entitlement dated July 20, 2021 (ECF No. 25).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On April 1, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 2-4.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

(1) **A lump sum payment of $157,726.79, representing compensation for life care expenses expected to be incurred during the first year after judgment ($30,151.82), pain and suffering ($127,500.00), and past unreimbursable expenses ($74.97), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Robert Laing.**

(2) **An amount sufficient to purchase an annuity contract described in Section II.B. of the Proffer.**

Proffer at 1.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| ROBERT LAING, | **)** | |
| | **)** | |
| Petitioner, | **)** | |
| | **)** | |
| | **)** | No. 20-1130V **(ECF)** |
| v. | **)** | Special Master Dorsey |
| | **)** | |
| SECRETARY OF HEALTH | **)** | |
| AND HUMAN SERVICES, | **)** | |
| | **)** | |
| Respondent. | **)** | |
| | **)** | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 3, 2020, Robert Laing ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act"), alleging that he suffered from injuries, including Guillain-Barré syndrome

("GBS"), as a result of an influenza ("flu") vaccine he received on October 12, 2017.  ECF No. 1

at 1.  On July 16, 2021, the Secretary of Health and Human Services ("respondent") filed his

Rule 4(c) report conceding that petitioner had satisfied the criteria set forth in the revised

Vaccine Injury Table and the Qualifications and Aids to Interpretation for a GBS Table injury.

ECF No. 24.  On July 20, 2021, Chief Special Master Corcoran issued an entitlement decision in

favor of petitioner.  ECF No. 29.  Pursuant to the Notice of Reassignment issued on January 5,

2024, this case was reassigned to Special Master Dorsey.  ECF No. 52.  Respondent now proffers

the following regarding the amount of compensation to be awarded.

**I.     Items of Compensation**

      A.     Life Care Items

Respondent engaged life care planner Linda Curtis RN, MS, CCM, CNLCP, and

petitioner engaged Kay Hairston, BSN, RN, CCM, CNLCP, to provide an estimation of

petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine injury" is as described in respondent's Rule 4(c) report.  All items of compensation

identified in the life care plan are supported by the evidence, and are illustrated by the chart

entitled Appendix A: Items of Compensation for Robert Laing, attached hereto as Tab A.

Respondent proffers that petitioner should be awarded all items of compensation set forth in the

life care plan and illustrated by the chart attached at Tab A.[1]  Petitioner agrees.

  B. Pain and Suffering

Respondent proffers that petitioner should be awarded $127,500.00 in actual and

projected pain and suffering.  This amount reflects that any award for projected pain and

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

  C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable

expenses pertaining to his vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $74.97.  *See* 42 U.S.C.

§ 300aa-15(a)(1)(B).  Petitioner agrees.

**II.** **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a combination of lump sum payments and future annuity payments as described below,

---

[1]  The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $157,726.79, representing compensation for life care expenses expected to be incurred during the first year after judgment ($30,151.82), pain and suffering ($127,500.00), and past unreimbursable expenses ($74.97), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Robert Laing.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the Life Insurance Company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

        a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
        b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
        c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
        d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Robert Laing, only so long as petitioner is alive at the time a particular payment is due.  At respondent's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.    Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.    Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Robert Laing, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Robert Laing's death.

3.    Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

III.    **Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Robert Laing:    **$ 157,726.79**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 532-5464
Dated:  April 1, 2026    Email: Benjamin.P.Warder@usdoj.gov

---

Compensation Program System of Records, No. 09-15-0056.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| ROBERT LAING, | **)** | |
| | **)** | |
| Petitioner, | **)** | |
| | **)** | No. 20-1130V **(ECF)** |
| v. | **)** | Special Master Dorsey |
| | **)** | |
| SECRETARY OF HEALTH | **)** | |
| AND HUMAN SERVICES, | **)** | |
| | **)** | |
| Respondent. | **)** | |
| | **)** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, the foregoing **RESPONDENT'S PROFFER**

**ON AWARD OF COMPENSATION** and **APPENDIX A** were served via email upon

petitioner.

> /s/ *Benjamin P. Warder*
> BENJAMIN P. WARDER
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146
> Benjamin Franklin Station
> Washington, D.C. 20044-0146
> Telephone:  (202) 532-5464
> Email:  Benjamin.P.Warder@usdoj.gov

6

**Appendix A:  Items of Compensation for Robert Laing**    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2026 | Compensation Years 2-5 2027-2030 | Compensation Year 6 2031 | Compensation Years 7-Life 2032-Life |
|---|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | * | | | | | |
| Medigap F | 5% | | M | 5,910.00 | 5,910.00 | 5,910.00 | 5,910.00 |
| Primary Care Physician | 5% | * | | | | | |
| Mileage: Primary Care Physician | 4% | | | 5.21 | 5.21 | 5.21 | 5.21 |
| Neurology | 5% | * | | | | | |
| Mileage: Neurologist | 4% | | | 3.28 | 3.28 | 3.28 | 3.28 |
| Pain Management | 5% | * | | | | | |
| Mileage: Pain Management | 4% | | | 4.20 | 4.20 | 4.20 | 4.20 |
| Podiatry | 4% | | | 214.50 | 214.50 | 214.50 | 214.50 |
| Mileage: Podiatry | 4% | | | 5.67 | 5.67 | 5.67 | 5.67 |
| Counseling | 4% | * | | | | | |
| Mileage: Counseling | 4% | | | 37.80 | | | |
| Case Management | 4% | | M | | | 2,400.00 | 2,400.00 |
| Vitamin B12 | 4% | | | 14.60 | 14.60 | 14.60 | 14.60 |
| Cane | 4% | | | 26.85 | 5.37 | 5.37 | 5.37 |
| Rollator Walker | 4% | | | 89.99 | 18.00 | 18.00 | 18.00 |
| Shower Chair | 4% | | | 173.29 | 34.66 | 34.66 | 34.66 |
| Elevated Toilet | 4% | | | 53.55 | 10.71 | 10.71 | 10.71 |
| All Terrain Scooter | 4% | | | | | 4,039.00 | 577.00 |
| Scooter Batteries | 4% | | | | | 222.86 | 222.86 |
| Manual Wheelchair | 4% | * | | | | | |
| Recreational Aids | 4% | | | 388.95 | | | |
| Recumbent Bike | 4% | | | 349.94 | | | |
| Compression Socks | 4% | | | 73.90 | 73.90 | 73.90 | 73.90 |
| Reachers | 4% | | | 41.85 | 8.37 | 8.37 | 8.37 |
| Stool | 4% | | | 80.58 | 16.12 | 16.12 | 16.12 |
| Emergency Response System | 4% | | M | 437.40 | 437.40 | 437.40 | 437.40 |
| Physical Therapy Evaluation | 4% | * | | | | | |
| Mileage: Physical Therapy Evaluation | 4% | | | 1.55 | 1.55 | 1.55 | 1.55 |
| Occupational Therapy Evaluation | 4% | * | | | | | |
| Mileage: Occupational Therapy Evaluation | 4% | | | 1.55 | 1.55 | 1.55 | 1.55 |
| Physical Therapy | 4% | * | | | | | |
| Mileage: Physical Therapy | 4% | | | 23.31 | 23.31 | 23.31 | 23.31 |
| Occupational Therapy | 4% | * | | | | | |
| Mileage: Occupational Therapy | 4% | | | 23.31 | 23.31 | 23.31 | 23.31 |
| Adaptive Driving Eval | 4% | | | 1,159.00 | | | |
| Mileage: Adaptive Driving Evaluation | 4% | | | 52.04 | | | |
| Personal Care Attendant | 4% | | M | | | 61,320.00 | 61,320.00 |
| Cleaning Services | 4% | | M | 1,620.00 | 1,620.00 | 1,620.00 | 1,620.00 |
| Home Modifications: Accessible Shower | 0% | | | 7,500.00 | | | |
| Home Modifications: Stairlift | 0% | | | 7,275.00 | | | |

**Appendix A:  Items of Compensation for Robert Laing**      Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027-2030 | 2031 | 2032-Life |
| Home Modifications: Ramp | 0% | | | 2,084.50 | | | |
| Car Adaptations: Hand Controls | 0% | | | 2,500.00 | | | |
| Scooter Carrier | 4% | | | | | 2,439.50 | |
| Pain and Suffering | | | | 127,500.00 | | | |
| Past Unreimbursable Expenses | | | | 74.97 | | | |
| Annual Totals | | | | 157,726.79 | 8,431.71 | 78,853.07 | 72,951.57 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($30,151.82), pain and suffering ($127,500.00), and past unreimbursable expenses ($74.97): $157,726.79.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.